UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ERVIN, | No.  2:12-cv-02924 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment or remand, deny the Commissioner's cross-motion for summary judgment, and remand the case under sentence four of 42 U.S.C. § 405(g) for further proceedings.

BACKGROUND

Plaintiff, born October 4, 1963, applied for Title II Disability Insurance Benefits on July 21, 2009, alleging disability beginning September 17, 2007.  Administrative Transcript ("AT") 135.  Plaintiff alleged he was unable to work due to acid reflux and back, leg, and left hand injuries caused by an on-the-job injury in which heavy cargo fell on him.  AT 161.  In a decision

dated February 8, 2011, the ALJ determined that plaintiff was not disabled. AT 19-30. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since September 17, 2007, the alleged onset date.
>
> 3. The claimant has the following severe impairments: status post ORIF of the left wrist; degenerative disc disease of the lumbar spine with radiculopathy; anxiety and depression.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except the claimant can occasionally climb ramps and/or stairs; can never climb ladders, ropes and/or scaffolds; can frequently balance; can occasionally stoop, kneel, crouch and/or crawl; cannot engage in any repetitive forceful gripping and/or grasping with left upper extremity. He can perform unskilled work as follows: has the ability to understand, remember and carry out simple instructions; can make judgments on simple work related decisions; can interact appropriately (sic) supervisors, coworkers and/or the general public; and can respond appropriately to the usual work situations and changes in the routine work setting.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on October 4, 1963 and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.
>
> 8. The claimant has a least a high school education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

/////

/////

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 17, 2007, through the date of this decision.

AT 21-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ failed to give adequate reasons for rejecting the opinion of Dr. Frederick M. David, the treating physician, (2) the ALJ improperly rejected the opinion of Dr. Sidney R. Cormier, a consulting psychologist, (3) the ALJ improperly rejected the comments of R. Dryden, a social security field office worker, and (4) the ALJ's finding that the vocational expert's testimony was consistent with the DOT was in error.[1]

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

/////

---

[1] While the court does not find plaintiff's argument with respect to Dr. David's opinion to be persuasive, as discussed below, the ALJ improperly rejected the opinion of consulting psychologist Dr. Cormier, requiring remand of this action.  Because this issue is dispositive, the court need not reach plaintiff's additional assignments of error.  The court notes, however, that the ALJ articulated germane reasons for rejecting the laywitness observation of R. Dryden, a social security field office worker, that plaintiff had difficulty sitting for more than 20 minutes at a time.  AT 186.  The ALJ assigned little weight to this opinion because "it is inconsistent with the weight of the evidence."  AT 26.  The ALJ set forth other evidence that plaintiff could sit without limitation and also discussed objective findings which showed that issues concerning his lower back were "minimal," "completely resolved," and "resolved completely."  AT 25, 27.  The reason given is therefore germane to this witness.

"The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff asserts that the ALJ improperly rejected the opinions of treating physician Dr. Frederick M. David and consulting psychologist Dr. Sidney R. Cormier. The weight given to medical opinions depends, in part, on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen, 80 F.3d at 1285.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In

any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

### A. Treating Physician Dr. David's Opinion

Plaintiff contends the ALJ improperly rejected the opinion of treating physician Dr. David, who opined on June 18, 2008 that plaintiff could return to work but had restrictions of no lifting, no carrying more than five pounds, and no prolonged standing or sitting. AT 854. In a notice to plaintiff's employer completed on the same day, Dr. David also listed the following restrictions to plaintiff's ability to work: no prolonged bending, stooping, or climbing; no climbing ladders or working at heights; no sitting for more than 15 minutes; only limited use of the left hand; and, no truck driving. AT 900.

The ALJ acknowledged these restrictions but also noted that the following month, in July 2008, "Dr. David amended his prior work authorization and opined that [plaintiff] could work an eight-hour shift; could lift, push, pull and/or carry 10 pounds frequently and 10 pounds occasionally; could not perform any prolonged stooping, walking, standing, or repetitive climbing, kneeling, and/or squatting and could not climb ladders or work at heights." AT 25 (citing AT 899). The ALJ also noted that Dr. David opined that plaintiff must change positions frequently for comfort. Id. The ALJ stated that this opinion was unpersuasive because it was given six months before plaintiff's wrist surgery and Dr. David had not examined plaintiff since 2008. AT 25-26. The ALJ accorded this opinion little weight. AT 26.

Plaintiff contends that the ALJ's reasons are neither logical nor relevant. Plaintiff argues that the timing of the wrist surgery is irrelevant to Dr. David's assessed postural limitations and that the dated nature of Dr. David's findings are quite relevant, since the onset date alleged was September of 2007. In formulating plaintiff's residual functional capacity (RFC), the ALJ found that plaintiff's ability to work would have the following restrictions: only occasional climbing ramps and/or stairs, no climbing ladders, ropes and/or scaffolds; only occasional stooping,

5

kneeling, crouching and/or crawling; and, no repetitive forceful gripping and/or grasping with left upper extremity. AT 24. Thus, the ALJ did not fully reject Dr. David's opinion, as his RFC findings contained several of the same restrictions. The ALJ's finding that Dr. David's opinion should be given less weight because it was made six months prior to plaintiff's wrist surgery is relevant to the assessed limitation in plaintiff's left arm/hand and his ability to lift and carry. The ALJ also properly accorded more weight to the more recent medical record opinions which are more thorough and based on a much more complete review of the case record. See Flores v. Colvin, 2013 WL 5861981, *1 (9th Cir. 2013) (citing Lester v. Chater, 81 F.3d 821, 833 (9th Cir.1995) (treating physician's more recent opinion based upon more complete record was entitled to more weight than earlier opinion)).

Specifically, the ALJ addressed the November 15, 2010 opinion of agreed medical examiner Dr. Joel W. Renbaum, who had previously examined plaintiff in December, 2008 and December 2009. AT 1182-1192. Between these examinations, Dr. Renbaum had also reviewed additional records and submitted supplemental reports in March and November, 2009. The ALJ accorded significant weight to Dr. Renbaum's opinion based on the long-standing treatment relationship with plaintiff and because it was consistent with the weight of the evidence. AT 24. Dr. Renbaum's ten-page opinion sets forth a thorough discussion regarding plaintiff's medical history, unlike the one-page form that constitutes Dr. David's opinion. AT 654, 1183. Also unlike Dr. David's opinion, Dr. Renbaum did not note any postural restrictions in discussing plaintiff's "work disability." Rather, Dr. Renbaum estimated that due to plaintiff's left wrist and lumbosacral spine, his work disability would preclude "heavy lifting and repetitive gripping, grasping, pushing, pulling, or pinching with the left nondominant hand." AT 1190. These limitations are based on a more comprehensive review of plaintiff's medical history, including two years of history not covered by Dr. David's opinion. The ALJ also found persuasive the opinion of the state agency reviewing physician Dr. Tambellini, who had an opportunity to review plaintiff's longitudinal medical history and opined to limitations similar to those of Dr. Renbaum. AT 25, 864-869. Accordingly, the court finds that the ALJ properly accorded less

/////

weight to Dr. David's contradicted opinion by providing specific and legitimate reasons that are supported by substantial evidence.

B.  Consulting Psychologist Dr. Cormier's Opinion

Plaintiff argues that the ALJ improperly rejected the opinion of consulting psychologist Dr. Cormier, who opined in January, 2010 that plaintiff's psychological impairments "are likely to moderately to seriously impair [plaintiff's] ability to perform not only complex and detailed tasks, but simple and repetitive ones of [sic] well.  I suspect that his depressive and anxiety disorders are likely to moderately to seriously impair his current ability to maintain regular attendance and perform even simplistic work activities on a consistent basis."  AT 1007.  The ALJ assigned little weight to Dr. Cormier's opinion solely because "it was based on only one examination."  AT 25.

The ALJ instead assigned great weight to the opinion of state agency reviewing psychiatrist Dr. David E. Gross because it was based on the entire record.  AT 24.  Defendant argues that this finding constitutes an implicit rejection of Dr. Cormier's opinion for inconsistency with the record.  Even if that were the case, the ALJ's stated reasons fail to meet the standards set forth in Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995).  Although Dr. Gross's opinion contradicts aspects of Dr. Cormier's opinion, the ALJ failed to articulate specific and legitimate reasons that are supported by substantial evidence in assigning Dr. Cormier's opinion less weight.  As plaintiff correctly argues, the opinions of consulting physicians are by their nature almost always based on only one examination.  Rejecting Dr. Cormier's opinion solely on that basis is not a legitimate reason.  The ALJ did not set forth a comprehensive review of mental status examinations or other record medical evidence undermining Dr. Cormier's opinion.  The matter will therefore be remanded for further evaluation of the record medical opinions regarding plaintiff's psychological impairments.

CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further findings addressing the deficiencies noted above.

/////

7

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand (ECF No. 16) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is denied;

3. This matter is remanded for further proceedings consistent with this order; and

4. The Clerk of Court shall enter judgment in favor of plaintiff.

Dated:  December 2, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

33/4 ervin2924.ss.rem